■ CITIBANK, N. A., Appellant, v RICE AIRCRAFT, INC., Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 12, 1990, which denied the plaintiff's motion for summary judgment in lieu of a complaint and granted the defendant's cross motion for summary judgment,

unanimously modified, on the law, to deny the defendant's cross motion for summary judgment, and otherwise affirmed, without costs.

On July 15, 1986, the defendant Rice Aircraft, Inc., a distributor of aircraft fasteners, executed a demand note for $8,000,000 pursuant to which it agreed to pay the plaintiff bank that sum, or, the aggregate unpaid amount of all advances made under the note by the plaintiff to the defendant up to the date of demand, plus interest. The defendant executed another demand note on April 29, 1987, for $2,000,000. At the time the notes were executed, the defendant also signed a "borrower's letter" addressed to the plaintiff, in which the defendant expressed its intent to make quarterly payments to pay down the outstanding balance of the notes. These letters reaffirmed the demand feature of the notes.

The plaintiff moved for summary judgment in lieu of a complaint to recover the outstanding balance on the two notes, which then totalled $8,018,016.68, including interest. The defendant cross moved for summary judgment dismissing the action. In opposition to the plaintiff's motion, the defendant alleged that the original notes were modified by agreement of the parties to alter the demand nature to instead provide for specified installment payments. This agreement, contained in a letter drafted by the plaintiff and dated July 31, 1989, was signed by a vice-president of the plaintiff and the president of the defendant corporation and provides in part that: "[b]y informal agreement Rice Aircraft intends to pay down these loans quarterly at the rate of $120,000 on the $8,000,000 transaction and $30,000 on the $2,000,000 facility * * * This informal agreement can be changed by mutual consent of the parties and was originally implemented during July 1988."

The plaintiff concedes that it acceded to the defendant's request that the defendant be permitted to reduce the amount of its quarterly payments to $150,000 but that it never surrendered its right to demand payment of the outstanding loans. The plaintiff demanded payment after the defendant and its president, Bruce Rice, pleaded guilty to Federal law violations and Rice was sentenced to four years in prison. It is undisputed that the defendant has never defaulted on a loan payment.

The Supreme Court found that the plaintiff, by agreeing to accept quarterly payments to amortize the notes, necessarily agreed not to seek repayment upon demand and that the July 31, 1989 letter constituted a written modification which al-

tered the demand feature of the promissory notes. The court therefore concluded that since the plaintiff did not establish a breach and the defendant established payment according to the terms of the notes, as modified by the parties, the defendant was entitled to summary judgment.

Although the Supreme Court determined that by executing the July 31, 1989 letter, the plaintiff agreed to alter the payment term of the notes from demand to installments, we conclude that the letter was sufficiently ambiguous to raise questions of fact precluding the award of summary judgment. The defendant claims that the letter expressly altered the demand feature of the notes. It also submitted an affidavit from its president, who alleged that a vice-president of the plaintiff had agreed orally, in June of 1988, to eliminate the demand feature of the notes, making the loans repayable in installments. He claimed that the July 31, 1989 letter referred to and incorporated this agreement.

The plaintiff, however, emphasizes the absence of any language in the letter purporting to relinquish the plaintiff's right to demand payment. The plaintiff also submitted an affidavit from the vice-president of its company who the defendant claimed made the oral promise to alter the demand feature of the notes. In his affidavit, the vice-president maintained that, contrary to the allegations contained in Bruce Rice's affidavit, he never agreed to eliminate the demand feature of the notes.

The record further reveals that no consideration was paid for the plaintiff's agreement to reduce the quarterly payments on the notes. While the parties had previously discussed the possibility of the defendant obtaining a term loan rather than a demand loan, during negotiations, the plaintiff requested a number of standard safeguards, such as a restructuring fee, acceleration of payments in the event of a change in the defendant's management or the entry of a judgment against the defendant above a specified amount. The plaintiff claims that the failure to request these standard safeguards in the July 31, 1989 letter supports its position that it never relinquished its right to demand payment since an agreement to reduce the defendant's payments in exchange for no consideration is commercially unreasonable.

Since there is disputed evidence of the parties' intent, summary judgment is denied (cf., Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285).

We have considered the defendant's remaining contention

and find it to be without merit. Concur—Rosenberger, J. P., Kupferman, Smith and Rubin, JJ.